DOUGLAS C. BROWN, 85995
225 BROADWAY, STE 2100
SAN DIEGO, CA. 92101
619 231-6158
DCBROW@PACBELL.NET

ATTORNEY AT LAW

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 21CR2546-31-GPC |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND **MOTION TO REVEAL SOURCE OF INFORMATION/INFORMANT** |
| v. | |
| RAMIRO GAXIOLA, | June 27, 2022 |
| Defendant. | 2 p.m. |

The defendant, by and through counsel, hereby moves for the government to disclose its Source of Information/Informant as described in ancillary Complaints.

**MOTION**

**MOTION TO REVEAL CONFIDENTIAL INFORMANT**

**I.**

**THE COURT SHOULD ORDER THE GOVERNMENT TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT AND TO DISCLOSE TO DEFENSE COUNSEL OTHER PERTINENT INFORMATION REGARDING THE INFORMANT OR SOI**

It is well established that an informant's identity must be disclosed when an informant's testimony is "relevant and helpful to the defense of an accused."

*Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). *Roviaro* established no fixed rule with respect to the disclosure of a confidential informant. *See id.* at 62. Rather, a trial court must weigh the "particular circumstances" of the case at hand, the crime charged, the existence of possible defenses to the crime charged, and potential significance of the informant's testimony. *Id.*

**A.** **If the Informant Was a Percipient Witnesses to, or Actively Participated in, the Negotiations and Transactions Leading to the Commission of the Alleged Crime, the Identity of the Informant Must Be Disclosed**.

In this case, the testimony of the informant is material to the defense. Informant/ " Source of Information" in this case may have information relevant to the issues of entrapment, imperfect entrapment, and sentencing entrapment.

According to government discovery, the Source of Information (SOI) provided the government information about money laundering beginning in January 2019. While informing, he assisted in 64 arrests and 120 seizures of money and drugs. The SOI was clearly participating in criminal activity to have achieved these kinds of results. While working for the government, nine months post January, the SOI assisted defendant Ramiro Gaxiola in setting up a bank account and directing him to wire money to Mexico…from this same account. One of the criminal Complaints delineates a "WhatsApp" communication between the SOI and defendant Gaxiola, evincing evidence of money laundering. (21mj 8906-RBM; ECF 1 at 3-4)  Gaxiola, age 35, has no criminal record… and there is no evidence of his "predisposition"

2

to money launder. *See U.S. v. McClelland,* 72 F.3d 717, 722 (9th Cir. 1995).

The informant's testimony is both material and vital, even if the government chooses not to call him as a witness, since the defense may subpoena the informant to present its case-in-chief. *See Lopez-Hernandez v. United States*, 394 F.2d 820, 821 (9th Cir. 1968); *see also Velarde-Villarreal v. United States*, 354 F.2d 9, 15 (9th Cir. 1965) (Ely, J., concurring and dissenting) (concluding that disclosure of the informant would have permitted defense counsel to raise the defense of entrapment and that the trial court's failure to order disclosure constituted error).

Therefore, this Court should order the government to disclose the informant's identity.

**B.** **The Government Must Produce the Confidential Informant Prior to Trial for Defense Counsel's Interview of the Informant, Unless the Informant is a charged Defendant**

The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant[s]. Rather, defendant specifically requests that the government produce the confidential informants prior to trial. The government "must use reasonable efforts to produce a government informant whose presence has been properly requested by the defendant." *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976).

For the reasons cited above, it is clear the informant in this case is a material

witness. The government is required to disclose the identity of all material witnesses, provide the witness' current and previous addresses, and make them available for the preparation of the defense. Making the informant available for interview assumes the informant is not a charged defendant.

C. **In Camera Hearing.**

This Court has considerable discretion in deciding whether an *in camera* hearing is necessary in determining when the government must release the informant's name and whereabouts to the defense. *See, e.g., United States v. Ordonez*, 722 F.2d 530, 540-41 (9th Cir. 1983); *see also United States v. Rawlinson*, 487 F.2d 5, 7-8 (9th Cir. 1973). The *Rawlinson* court held that an *in camera* hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense. The *in camera* hearing is a "favored procedure," triggered by a "'minimal threshold showing' that disclosure would be relevant to at least one defense." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993); *see also United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000). While the court in *United States v. Anderson* refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an *in camera* hearing to which the defense counsel, but not the defendant, is admitted. *U.S. v. Anderson*, 509 F.2d 724, 729-30 (9th Cir. 1974). In *Ordonez*, the court stated that "[t]o ensure that the informant

4

is subjected to a vigorous examination, some trial courts have permitted the defense counsel to submit a set of questions to be propounded by the court." *Ordonez*, 722 F.2d at 541 (internal citations omitted). The court held that the "procedure selected by the trial court should provide a substantial equivalent to the rights available to a criminal defendant under the Fifth and Sixth Amendment[s]." *Id.* at 540-41.

Thus, the identity of the informant should be revealed well in advance of trial, or in the alternative, this Court should conduct an *in camera* hearing and allow defense counsel to participate… in order to determine whether the informant's testimony is helpful and material to the defense.

**D.    Defendant Is Entitled to Information Regarding the Confidential Informant.**

With respect to any informant or witness named in the discovery, and as to any other informant not yet made known to the defense, defendant requests disclosure of all potential impeachment information. *See United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993), including…

1) Any records and information revealing prior felony convictions for a crime involving false statements or dishonesty, or juvenile adjudications attributed to the informant, including, but not limited to, relevant "rap" sheets. *See United States v. Alvarez-Lopez*, 559 F.2d 1155 (9th Cir.1974).

2) Any record and information revealing prior misconduct or "bad acts"

5

attributed to the informant, including, but not limited to, any attributable acts of misconduct. Fed. R. Evid. 608(b); *Weinstein's Evidence* ¶ 608[5] at 608-25 (1976).

3) Any and all consideration or promises of consideration given to the informant, or expected or promised. By "consideration," we refer to anything, whether bargained for or not, which may be of value or use to them or to persons of concern to him. This request includes, but is not limited to formal or informal, and direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Internal Revenue Service, Court of Claims, administrative, or other dispute with the United States. *See, e.g., Territory of Guam v. Dela Rosa*, 644 F.2d 1257, 1259-60 (9th Cir. 1980) (citing error in failure to give instruction regarding credibility of witness' testimony secured by promise not to prosecute in exchange for cooperation); *see also United States v. Holmes*, 229 F.3d 782, 786 (9th Cir. 2000).

"Consideration" also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity including cash, vehicles, aircraft, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," and anything else that may reveal an

interest, motive, or bias in favor of the government, or against the defense, or which could be an inducement to testify or to "color" testimony. *See United States v. Thomas*, 766 F. Supp 372 (W.D. Pa. 1991). Failure to produce such evidence is material in that it would affect the trial outcome. *See United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *see also United States v. Shaffer*, 789 F.2d 682, 688 (9th Cir. 1986); *United States v. Mayer*, 556 F.2d 245, 248 (5th Cir. 1977); *United States v. Garza*, 574 F.2d 298, 301-02 (5th Cir. 1978); *cf. Holmes*, 229 F.3d at 786 (holding that jury instruction to view informant's testimony with caution is warranted whenever a witness receives benefits for providing information to the government); *Dela Rosa*, 644 F.2d at 1260.

4) Any and all threats, express or implied, direct or indirect, or other coercion directed against the informant…whether criminal prosecutions, investigations, or potential prosecutions , or which could be brought against him; any probationary, parole, deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government… or over which the government has a real, apparent, or perceived influence. *See Davis v. Alaska*, S. Ct. 308, 317-18 (1974); *see also United States v. Alvarez-Lopez*, 559 F.2d 1155, 1158-59 (9th Cir. 1977); *United States v. Sutton*, 542 F.2d 1239, 1241-42 (4th Cir. 1976).

5) The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal in connection with this or other similar cases. *See Johnson v. Brewer*, 521 F.2d 556, 562-63 (8th Cir. 1975).

6) Any and all records and information which may be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence, or which could lead to such records or such information. This request includes any evidence tending to show the narcotic habits of the informant at the time of relevant events. *See, e.g., United States v. Bernard*, 625 F.2d 854, 858-59 (9th Cir. 1980); *see Dela Rosa*, 644 F.2d at 1260. This request also includes any evidence indicating the informant's personal dislike or hostility toward the defendant. *See United States v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991); *see also United States v. Huggett*, 438 F.2d 396 (2d Cir. 1971).

7) The names and case numbers for all other criminal cases, state and federal in which the informant has been involved either as an informant or defendant. Any prior criminal conduct on the part of the informant, either as an informant or defendant, is relevant in establishing a possible defense of entrapment.

1
2
3  May 31, 2022
4
5                              <u>*"Douglas C. Brown"*</u>
6                              Douglas C. Brown, Attorney
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28