RANDY S. GROSSMAN
United States Attorney
OWEN ROTH
Assistant United States Attorney
California Bar No. 335891
Office of the United States Attorney
880 Front Street, Suite 6293
San Diego, CA 92101
Ph: (619) 546-7710
Email: owen.roth@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMIRO X. GAXIOLA-GARCIA,<br><br>Defendant. | Case No. 21-CR-2546 GPC<br><br>**OPPOSITION TO MOTION TO REVEAL SOURCE OF INFORMATION / INFORMANT**<br><br>The Honorable Gonzalo P. Curiel |

The United States of America opposes Defendant Ramiro Gaxiola's motion to disclose the identity of any confidential informant and any associated pertinent information. Defendant's motion is based on speculation about the potential value of the requested information, unduly prejudicial to the Government, and materially premature. The Court should deny the motion and permit the parties to meet and confer in the future on this issue, should it become appropriate to do so.

The issue before the Court is controlled by *Roviaro* and its progeny. In *Roviaro*, the Supreme Court recognized that the Government has "a privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1956). The Court also noted that purpose of the privilege is "the furtherance and protection of the public interest in effective law enforcement" and that it "recognizes the obligation of

citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* The Court also noted that the privilege gives way (i) when "the disclosure of the contents of a communication will not tend to reveal the identity of an informer," (ii) when the identity of the informer has already been disclosed, and (iii) when "disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60. Here, only the third basis for disclosure is at issue.

The Court noted that "no fixed rule" applies to determine whether the privilege gives way, but rather that the issue "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The calculus "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* When balancing these interests, this Court considers "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defenses and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990). A defendant bears the burden of showing the need for disclosure of an informer's identity. *United States v. Williams*, 9 F.2d 1400, 1402 (9th Cir. 1990). And, "a mere suspicion that the information will prove helpful will not suffice." *Id.*

As a threshold matter, it is important to note that the Government has disclosed substantial amounts of information derived from the informer, and will continue to do so. Indeed, Defendant is charged with participating in a broad, international money-laundering conspiracy and his brief acknowledges disclosures that (i) the informer identified him as a participant in the money-laundering organization, and (ii) that the informer and Defendant engaged in a WhatsApp communication that pertained to Defendant's laundering activity. Def. Br. at 2. And in the course of discovery, the Government has produced and is producing (pursuant to Rule 16) relevant and material communications that defendants

have had with the informer. The Government will continue meeting its obligation to disclose Rule 16 and *Brady* material well in advance of trial, and anticipates that as to Defendant, discovery encompasses any disclosures of statements between him and the informer and any other information the informer has provided about him. The signal issue here is not whether Defendant may receive information derived from the informer, but whether he may know the informer's identity. At this time, he may not.

In consideration of the *Roviaro* factors, Defendant fails to show that the facts and circumstances of this matter tilt in favor of disclosure. To support his request, Defendant offers bland and speculative statements of potential defenses, observing only that the informer "may have information relevant to the issues of entrapment, imperfect entrapment, and sentencing entrapment." Def. Br. at 2. Putting to one side that "imperfect entrapment" is not a defense, Defendant makes no attempt to show how disclosure of the informant's identity could influence any of these matters.[1] At most, Defendant seems to suggest that the issue turns on his purported lack of predisposition to launder money, *see id.*, but does not explain how the identity of the informer could possibly bear upon that issue. He also suggests that the informer's testimony "is both material and vital," but gives no explanation how or why. *Id.* In any event, the complaint cited by Defendant quotes him actively participating in efforts to fund international wires, and notes that he has admitted opening a funnel account under the name of a fictitious business so that he could wire funds from the United States to Mexico. *See* Dkt. No. 1, 21-MJ-8906 RBM (S.D. Cal. Nov. 10,

---

[1] Defendant observes that the informer has been providing assistance to the Government since January 2019, and that this assistance has led to various arrests and seizures. Def. Br. at 2. The Government agrees that in general, the informer has functioned as more than a "tipster," and has had an important role in the investigation underlying this indictment. The informer is, as candidly disclosed in the past, knowledgeable about money laundering activity. The issue, however, is whether and to what extent the informer has been involved in Defendant's case; the Government has disclosed that involvement, and discovery pertaining to it.

3

2021). Taking Defendant's brief at face value, he cannot mount a credible entrapment defense; certainly, he has not offered a non-frivolous reason to think otherwise.

As against Defendant's unpersuasive reasons for seeking disclosure of information about the informer, the Government has a substantial interest in maintaining the safety of the informer, preventing any acts of violence, retaliation, or intimidation, and maintaining the integrity of this case. As previously disclosed, the informer has been assisting the United States since 2019, and that assistance has borne upon a substantial number of arrests, seizures, and indictments – including the multi-defendant indictment in this case. The targets of indictment and investigation have been participating in a long-term effort to launder substantial amounts of money for major Mexican drug cartels; it naturally follows that the informer has been assisting the Government in efforts to identify and prosecute particularly dangerous people, capable of extraordinary violence, intimidation, and retaliation. Given this reality, premature disclosure of the informer could easily lead to attempted violence against the informer and related acts of intimidation or retaliation. Any such efforts are wholly unacceptable as a matter of safety. Beyond this, they could compromise the Government's ability to make its case against the charged defendants, for reasons unrelated to the merits. Defendant's request disclosure is unnecessary and unjustified, dangerous, and prejudicial to the Government.

At a minimum, Defendant's requests for information about the informer are materially premature. While true that this matter has been pending for some time, there is no indication that any particular defendant will be proceeding to trial anytime soon.[2] Indeed, as of this application, the parties anticipate seeking a joint motion to continue the upcoming motion-hearing and trial-setting conference to October. In the months to come,

---

[2] Defendant also seeks various forms of information about the informer (if any exist), citing *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993). Yet, *Bernal-Obeso* simply confirmed that the Government's *Giglio* obligation encompasses information about informers who testify at trial. The Government will meet its *Giglio* obligation in advance of trial; Defendant has no basis to seek the disclosure of such information at this time.

1  it is reasonable to anticipate that the parties will continue to meet and confer on possible
2  resolutions and to resolve any discovery disputes. The Government will also continue to
3  produce discovery. Given that no defendant – and certainly in particular, this Defendant –
4  are going to trial anytime soon, there is no need for this Court to resolve any issues
5  concerning the disclosure of the informer.
6       In light of the foregoing, the Court should deny the motion. If and when a trial
7  against Defendant becomes a reasonable possibility, the parties can meet and confer on this
8  issue; either Defendant will proffer non-frivolous bases for needing the information and
9  the parties can agree to a manner and timing of disclosure, or the parties can return to the
10 Court for a ruling.

12 Dated: June 21, 2022                    Respectfully Submitted,

                                          RANDY S. GROSSMAN
                                          United States Attorney

                                          /s/ *Owen Roth*
                                          OWEN ROTH
                                          Assistant United States Attorney