DOUGLAS C. BROWN (SBN 85995)
Attorney at Law
NBC Building
225 Broadway, Ste 2100
San Diego, CA  92101
(619) 231-6158

E-mail: dcbrow@pacbell.net
Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. Case No. 21CR2546-31-GPC |
| Plaintiff, | REPLY TO GOVERNMENT RESPONSE (ECF 432) RE MOTION TO DISCLOSE INFORMANT (ECF 414) |
| v. | |
| RAMIRO GAXIOLA-GARCIA, | |
| Defendant. | |

TO THE U.S. DISTRICT COURT:

    Please take notice that the defendant herein responds to the Government's opposition to the defendant's motion to disclose the informant.

## ARGUMENT

  In its response to the defendant's motion to disclose the informant, the government suggests the defendant has offered only bland and speculative statements as to potential defenses, and that he cannot offer a non-frivolous entrapment defense. (ECF 432, at 4-5).  The facts and discovery are contrary.

   In January, 2019, while the informant was engaged in significant criminal activity, he did not know defendant Gaxiola.  In January, 2019 the informant was an active member of the Sinaloa cartel, laundering hundreds of thousands of dollars.  There were numerous  money launderers in place at that time, the names of whom the informant shared with federal investigators. Gaxiola was not among them.

1    From January 2019, until August, 2019 and beyond, the informant continued to
2 not only engage in criminal money-laundering, but while working with the agents,
3 since January 2019, actively sought out others to participate in the money-laundering
4 scheme. He clearly was far more than a mere "tipster."(ECF 432, fn 1.)
5   Because the informant was tipping off federal agents about various money
6 laundering activities, money was being seized, to the great dismay of the cartel.
7 Months before the informant even heard of Gaxiola, the informant was desperately
8 trying to find ways to launder more money to pay back the cartel, money lost through
9 numerous seizures. ( The informant eventually fled Mexico, post August 2019, in fear
10 of his life...apparently because the cartel wanted a lot of money paid back...hundreds
11 of thousands of dollars).
12    It wasn't until August, 2019, that one of the informant's associates came up with
13 Mr. Gaxiola. The informant, working with others, and under the control of
14 government agents, had been actively looking for and recruiting people not
15 previously involved in money-laundering.
16    When the government in its response queries how the informant could "bear" on
17 the issue of entrapment, the answer is simple...it was the informant and his paid
18 acolytes who approached the defendant about sending money to Mexico.  Discovery
19 reflects the informant helped the defendant open his U.S. Bank of America account,
20 and instructed him when and how to wire money to Mexico.  The informant himself
21 recruited and enlisted the defendant to engage in the questioned activity.
22    The investigators were not only looking for people who were participating in
23 money laundering, they were trying to expand the targets and find new money
24 laundering recruits, resulting in the defendant becoming entrapped. Agents were
25 aware of the informant's recruitment efforts because it is reflected in a agent's report,
26 authored months before Gaxiola's name surfaced in August 2019. (ROI for April 22,
27 2019).
28                                                                 2

1     As noted before, this 36-year-old defendant had no criminal record. His
2 participation was a direct result of government enticement, which clearly raises the
3 defense of entrapment. He did not transport bulk cash, make deposits, nor do the text
4 and email correspondence contain any mention of narcotics or money laundering.
5     While the defendant agreed he engaged in financial transactions, he denied to
6 agents knowingly participating in money laundering.
7     Ninth Circuit Model Jury Instruction 5.2 reflects that the government has the
8 burden of proving beyond a reasonable doubt that the defendant was not entrapped.
9     The government must prove either:
10 1. The defendant was predisposed to commit the crime before being contacted by
11 government agents or,
12 2. The defendant was not induced by the government agents to commit the crime.
13     The defense has clearly made a prima facie showing entrapment. At least as far as
14 this defendant is concerned, the government created the circumstances for his alleged
15 criminal activity, allowing the informant not only to continue his criminal activity, but
16 to continue to find new recruits for criminal activity. The informant was acting as a
17 government agent.
18     The discovery reflects our contentions. However, there is a protective order in
19 place which precludes attaching certain exhibits. Should the court, however, modify
20 the protective order, or request the supporting investigative summaries be submitted
21 under seal, we can provide the documents.
22 Dated: September 28, 2022
23
24 "s/Douglas C. Brown"
25 DOUGLAS C. BROWN, ATTORNEY
26
27
28